IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | |
| **WILLIAM WILCOX BINNER, III,** : | CASE NO: 7:23-CR-40-WLS-TQL-1 |
| : | |
| **Defendant.** : | |
| _____ : | |

## **ORDER**

Before the Court is Defendant's Motion for Reconsideration of this Court's Decision to Uphold the Detention Order and to Set Conditions of Pretrial Release (Doc. 56) ("Motion to Reconsider") filed November 22, 2023. Therein, Defendant moves this Court to reconsider its Order (Doc. 43) entered July 12, 2023, denying Defendant's Motion to Revoke Detention Order and Set Conditions of Release (Doc. 39) ("Motion to Revoke"). On December 5, 2023, the Government's Response to Defendant's Second Motion to Reconsider Detention (Doc. 59) was filed, and the matter is now ripe for decision.

As a basis for his Motion to Reconsider Defendant states that since entry of the Court's July 12, 2023 Order, Defendant has learned that his 77-year-old father "who is suffering from Alzheimer's, is at a stage and rate of deterioration that threatens his ability to communicate with his father, as well as constitutes a terminal condition." (Doc. 56 at 2.)

> Under 18 U.S.C. § 3142,
>
> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

*Id.* § 3142(f)(2)(B). Reconsideration of the Court's July 12, 2023 Order denying Defendant's Motion to Revoke requires Defendant to show (i) information exists that was unknown to Defendant at the time of the detention hearing, *and* (ii) such information has a material bearing

1

on the issue of whether there are conditions to reasonably assure the safety of other persons and the community.[1] Defendant's Motion to Reconsider fails to meet either requirement.

In considering Defendant's original Motion to Revoke, the Court carefully reviewed the pleadings and the evidence developed at the detention hearing, including Defendant's statements that his father was ill with Alzheimer's. (Doc. 39 at 11.) While the Court empathizes with Defendant's desires to communicate with his father, the Defendant has not provided any evidence to support his assertion that father's declining ability to communicate is outside of the normal prognosis of a person with Alzheimer's so as to be unexpected. Defendant cites no authority that supports his request for reconsideration of a detention order based on the deterioration of a family member from a known medical condition. Further, Defendant has not shown how the information as to his father's condition has any bearing, let alone a *material* bearing, on the safety of the community.

Accordingly, Defendant's Motion for Reconsideration of this Court's Decision to Uphold the Detention Order and to Set Conditions of Pretrial Release (Doc. 56) is **DENIED**.

**SO ORDERED**, this 6th day of December 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In his Order of Detention Pending Trial, United States Magistrate Judge Thomas Q. Langstaff did not find that Defendant was a flight risk. (Doc. 28 at 2)